IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KENNETH M. REYNOLDS, on behalf of
himself and all others similarly situated;

               Plaintiff,

    v.

CREDIT BUREAU SERVICES, INC., and
C. J. TIGHE,

               Defendants.

**8:15CV168**

**MEMORANDUM AND ORDER**

This matter is before the court on the plaintiff's unopposed motion for class certification and for preliminary approval of class action settlement, Filing No. 21. This is an action for damages and injunctive relief under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") and the Nebraska Consumer Protection Act (hereinafter "NCPA"), Neb. Rev. Stat. §59-1601, *et seq.*

I.    **CLASS ACTION**

A.    **Law**

Under the Federal Rules of Civil Procedure, "one or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (describing requirements as (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation). "In order to obtain class certification, a plaintiff has the

burden of showing that the class should be certified and that the requirements of Rule 23 are met." *Coleman v. Watt*, 40 F.3d 255, 258-59 (8th Cir. 1994).

A number of factors are relevant to the numerosity requirement of Rule 23(a), "the most obvious of which is, of course, the number of persons in the proposed class." *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559 (8th Cir. 1982); *compare Tate v. Weyerhaeuser Co.*, 723 F.2d 598, 609 (8th Cir. 1983) (noting that seven to fourteen class members is not enough) *with Arthur Young & Co. v. Reves*, 937 F.2d 1310, 1323 (8th Cir. 1991) (finding that 1,685 potential plaintiffs was a sufficiently large number). In addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members. *Paxton*, 688 F.2d at 559-60; *Tate*, 723 F.2d at 609 (it is appropriate for the district court to consider "that trying the individual suits would not be inconvenient because it could examine the factual basis of" each class member's complaint). A putative representative may fail its burden to show numerosity where he or she does not actually identify even the approximate size of the class or demonstrate the impracticability of joinder. *Belles v. Schweiker*, 720 F.2d 509, 515 (8th Cir. 1983).

Commonality is not required on every question raised in a class action. *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995). Rather, "Rule 23 is satisfied when the legal question 'linking the class members is substantially related to the resolution of the litigation.'" *Id.* (quoting *Paxton,* 688 F.2d at 561). "Commonality requires a showing that class members 'have suffered the same injury.'" *Powers v. Credit Mgmt. Servs.,* 776 F.3d 567, 571 (8th Cir. 2015) (quoting *General Tel. Co. v.*

*Falcon*, 457 U.S. 147, 157 (1982)).  "However, '[w]hat matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.'"  *Id.* (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, ----, 131 S. Ct. 2541, 2551 (2011) (quotation omitted; emphasis in original)); *see Comcast Corp. v. Behrend*, ––– U.S. ––––, 133 S. Ct. 1426, 1433, (2013) (allowing variation in damages unless "individual damage calculations . . . overwhelm questions common to the class"); *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 797 (8th Cir. 2014), *cert. granted*, 135 S. Ct. 2806 (2015); *DeBoer*, 64 F.3d at 1174 ("The fact that individuals . . . will have . . . claims of differing strengths does not impact on the commonality of the class"); *Mejdrech v. Met–Coil Sys. Corp.*, 319 F.3d 910, 911 (7th Cir. 2003) ("If there are genuinely common issues, issues identical across all the claimants, issues moreover the accuracy of the resolution of which is unlikely to be enhanced by repeated proceedings, then it makes good sense, especially when the class is large, to resolve those issues in one fell swoop.").

Typicality under Rule 23(a)(3) means "that there are 'other members of the class who have the same or similar grievances as the plaintiff.'"  *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996) (quoting *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977).  The burden is fairly easily met so long as other class members have claims similar to the named plaintiff.  *Id.* (noting that factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory).  In certain contexts "[t]he commonality and typicality

requirements of Rule 23(a) tend to merge." *Dukes*, 131 S. Ct. at 2551 and n. 5 (noting that commonality and typicality "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence").

Further, the named plaintiffs must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). The inquiry also factors in competency and conflicts of class counsel. *Id.* at 626 n.20. "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id.* at 625–26 (quoting *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). A consumer who is eligible only for statutory damages can represent a class of persons who are eligible for both actual and statutory damages. *Keele v. Wexler*, 149 F.3d 589, 594-595 (7th Cir. 1998).

If the plaintiffs meet the requirements under Rule 23(a), they must then establish that their class fits into one of the provisions of Rule 23(b) in order to be certified. Fed. R. Civ. P. 23(b). The Supreme Court has explicitly determined that "individualized monetary claims belong in Rule 23(b)(3)." *Dukes*, 131 S. Ct. at 2558. For the plaintiffs to prevail on a motion for certification under Rule 23(b)(3), they must demonstrate the existence of superiority and predominance. Fed. R. Civ. P. 23(b)(3).

Rule 23(b)(3) does not require a plaintiff seeking class certification to prove that each element of his or her claim is susceptible to classwide proof. *Amgen Inc. v.*

*Connecticut Ret. Plans and Trust Funds*, 133 S. Ct. 1184, 1196 (2013). Rather, all that is required is that a class plaintiff show that "common questions 'predominate.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(3)). The predominance inquiry requires an analysis of whether a prima facie showing of liability can be proved by common evidence or whether this showing varies from member to member. *Halvorson v. Auto-Owners Ins. Co.*, 718 F.3d 773, 779 (8th Cir. 2013) (explaining that the lack of an individualized injury would impact predominance and mean that "individual questions necessary to determine breach of contract and bad faith" would include "individual inquiries" that would "predominate over" whether the defendant's claim-processing methodologies were reasonable.). For the purposes of class certification, however, plaintiffs cannot "identif[y] damages that are not the result of the wrong." *Comcast Corp.,* 133 S. Ct. at 1434; *Sykes v. Mel S. Harris & Assocs., LLC*, 780 F.3d 70, 82 (2d Cir. 2015) (finding a common injury among all plaintiffs in an FDCPA action, a fraudulently procured default judgment). That is, "the plaintiffs must be able to show that their damages stemmed from the defendant's actions that created the legal liability." *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir.2013) ("[T]he presence of individualized damages cannot, by itself, defeat class certification under Rule 23(b)(3).").

"Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." *Amchem Prods., Inc.*, 521 U.S. at 625. "[C]ommon questions can predominate if a 'common nucleus of operative facts and issues' underlies the claims brought by the proposed class." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012) (quoting *In re Nassau County Strip Search Cases*, 461 F.3d 219, 228 (2d Cir. 2006)).

If the requirements of numerosity, commonality, typicality, and adequacy are satisfied, a plaintiff must satisfy one of the three subsections of Rule 23(b). *In re St. Jude Medical, Inc.,* 425 F.3d 1116, 1119 (8th Cir. 2005). Rule 23(b)(3) provides that a class action may be maintained if the court finds the questions of law or fact common to members of the class predominate over the questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the dispute. *Id.*; Fed. R. Civ. P. 23(b)(3). The matters pertinent to the Rule 23(b)(3) inquiry include: the class members' interests in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already begun by or against class members; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D). The superiority requirement asks whether the class action is the best available method for resolving the controversy. *See* Fed. R. Civ. P. 23(b)(3). A significant consideration in evaluating superiority is whether the claims are too small to be litigated individually. *Amchem Prods., Inc.,* 521 U.S. at 617; *Mace v. Van Ru Credit Corp.,* 109 F.3d 338, 344 (7th Cir. 1997) (stating "[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights").

The essence of an FDCPA claim is that a debt collector has injured an individual in the collection process. *See, e.g.,* *Whitaker v. Ameritech Corp.,* 129 F.3d 952, 958 (7th Cir. 1997); *Keele,* 149 F.3d at 593 (stating that the injury common to classes in an FDCPA action is the receipt of collection letters or pleadings that allegedly illegally add

unauthorized collection fees or misrepresent that the debtor will owe amounts to which he or she is not legally liable).

The FDCPA does not specify the amount of statutory damages to be awarded, but it imposes ceilings: in class actions the named plaintiff may receive no more than $1,000 and the class as a whole no more than the lesser of either $500,000 or 1 percent of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B). The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages. *Keele,* 149 F.3d at 593; *Bartlett v. Heibl,* 128 F.3d 497, 499 (7th Cir. 1997) (consumer may recover statutory damages only under FDCPA); *Baker v. G.C. Servs. Corp.,* 677 F.2d 775, 781 (9th Cir. 1982) ("[S]tatutory damages are available without proof of actual damages" under the FDCPA.). "In other words, the Act is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not." *Keele,* 149 F.3d at 593-94.

"Class ascertainability is 'an essential prerequisite of a class action, at least with respect to actions under Rule 23(b)(3).'" *Carrera v. Bayer Corp.,* 727 F.3d 300, 306 (3d Cir. 2013); *see In re Nexium Antitrust Litig.,* 777 F.3d 9, 19 (1st Cir. 2015) (recognizing the implicit requirement of ascertainability in class actions). A plaintiff must show, by a preponderance of the evidence, that the class is "currently and readily ascertainable based on objective criteria." *Carrera,* 727 F.3d at 306 (quoting *Marcus v. BMW of North America, LLC,* 687 F.3d 583, 593 (3d Cir. 2012)). Ascertainability plays a key role as part of a Rule 23(b)(3) class action lawsuit because:

> First, at the commencement of a class action, ascertainability and a clear class definition allow potential class members to identify themselves for purposes of opting out of a class. Second, it ensures that a defendant's

rights are protected by the class action mechanism.  Third, it ensures that the parties can identify class members in a manner consistent with the efficiencies of a class action.

*Carrera*, 727 F.3d at 307.  In addition to the Rule 23(a) and (b) requirements, "[a]n order certifying a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)."  Fed. R. Civ. P. 23(c)(1)(B).

### B.    Discussion

For the purposes of settlement, the parties agree to certification of the following class:

> all individuals in the State of Nebraska to whom, during the Class Period (one year class commencing May 12, 2015 to the date of preliminary approval) any of the Defendants sent or caused to be sent a letter as an initial notice it was substantially in the form of Exhibit A as attached to Plaintiff's Complaint in this case in an attempt to collect a debt allegedly incurred for personal, family, or household purposes.

Filing No. 19-1, Class Action Settlement Agreement (restricted) at 3.  Excluded from the Class are:  a) any person who is already subject to an existing release of the claims raised in this Litigation; b) any person who is deceased as of the Preliminary Approval Date; and c) any Class Member who timely mails a request for exclusion.  *Id.* at 3.

The court finds the parties have shown that class certification for purposes of settlement is appropriate.   Every potential class member's claim arises out of defendants' uniform practice of sending collection letters in the form of that attached to the plaintiff's complaint as Exhibit A.  The determination of liability does not does not depend on individualized considerations.   Because the parties have stipulated to settlement, no individualized inquiry is necessary on the issue of liability.   The

8

Settlement Agreement provides for distribution of a pro rata share of the settlement fund. Accordingly, no individualized determinations, save for a mathematical computation by the administrator, are required.

The class members here have all allegedly suffered the same injury—they received a debt collection letter that allegedly did not comply with the law. Further, any necessary individual determinations can be accomplished via the opt-out provisions. This case presents the classic case for treatment as a class action: that is, the commonality linking the class members is the dispositive question in the lawsuit.

Membership in the class can be determined from information in the possession of the defendants. The parties agree that it is sufficiently administratively feasible to identify the class through the defendants' records. The court finds the parties have shown that the class is ascertainable. The numerosity requirement has also been satisfied in that the parties agree that the class consists of approximately 9,000 persons to whom the letter was sent.

The court finds that a class action is superior to other methods of adjudication of the controversy. Because of the ceiling on recovery and the difficulty of proving actual damages, an individual has little incentive to bring a solo action to vindicate his or her rights under the FDCPA. Class Counsel has shown that under the statutory scheme applicable to this case it is unlikely that there could ever be a greater award to the Class Members.

Further, the court is familiar with the experience and competence of proposed class counsel and finds proposed class counsel can adequately prosecute the interests of the class. Also, plaintiff's claim is typical of the claims of other putative class

members, all of whom received the same allegedly unlawful collection letter.  In light of the consumer-protection goals of the FDCPA and NCPA, which permit, even encourage, consumers to act as private attorneys general to pursue FDCPA claims, the court finds certifying a reasonably ascertainable FDCPA class for statutory or actual damages will serve the purposes of the Act, which is targeted at abusive debt collector activities.  Accordingly, the court finds that a class should be conditionally certified for settlement purposes.

## II.    PRELIMINARY APPROVAL

### A.    Law

In considering preliminary approval, the court makes a preliminary evaluation of the fairness of the settlement, prior to notice.  Manual of Complex Litigation (Fourth) § 21.632 (2010); *see also* Fed. R. Civ. P. 23(e).  First, the court must make a preliminary determination of the fairness, reasonableness and adequacy of the settlement terms and must direct the preparation of notice of the proposed settlement and the date of the fairness hearing.  *Id.*  After an agreement is preliminarily approved, the second step of the process ensues:  notice is given to the class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval.  *Id.*

A district court is required to consider four factors in making a final determination that a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement.  *In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d

922, 931 (8th Cir. 2005). A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *Id.* at 934. The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's length negotiations, and whether a skilled mediator was involved. *See DeBoer*, 64 F.3d at 1178. A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits. *See City P'ship Co. v. Atlantic Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996).

The notice of a class action settlement "need only satisfy the 'broad "reasonableness" standards imposed by due process.'" *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1154 (8th Cir. 1999) (quoting *Grunin v. International House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975)). It is adequate if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

## B. Discussion

The court has reviewed the proposed class action settlement agreement, Filing No. 19, Ex. A, Class Action Settlement Agreement (restricted). The Settlement agreement provides that the defendants pay to the Class a total Settlement Fund of $15,000, representing maximum statutory damages available under the FDCPA in this case. Further the defendants agree to pay the amount of $17,500.00 as statutory damages under the Nebraska Consumer Protection Act. Defendants also agree to pay $4,000.00 as statutory damages to plaintiff Kenneth M. Reynolds as class

representative and as an incentive award, and to pay the costs of administration including the costs of class notice by first class mail and class administration.

The agreement also provides that the plaintiff shall be deemed to be prevailing party for the purposes of the award of attorneys' fees and defendants will pay costs, litigation expenses, and reasonable attorney's fees in an amount to be approved or determined by the Court. The defendants may oppose the amount of costs, litigation expenses, and reasonable attorney's fees, but not that plaintiff is entitled to an award. Further, the parties agree to negotiate in an attempt to reach an agreement on the amount. Importantly, the defendants have agreed to cease using the challenged letter and to change its letters to comply with the FDCPA. *See id.* at 9-10.

In the proposed Settlement Agreement, the parties agree that the claims of the approximately 9,000 Nebraska resident class members (hereinafter "the Class") satisfy the requirements for class certification pursuant to Federal Rule of Civil Procedure 23(a) and (b). Further, they agree to designation of plaintiff Reynolds as class representative and to the appointment of Pamela A. Car & William L. Reinbrecht of Car & Reinbrecht P.C., L.L.O. and O. Randolph Bragg of Horwitz, Horwitz & Associates, LTD as class counsel (hereinafter "Class Counsel"). *Id.* at 4. The agreement also provides for a Cy Pres distribution. *Id.* at 17.

The proposed settlement also provides for notice to each member of the proposed class by individual mailed notices. *Id.* at 5. Counsel for the parties have also submitted a proposed class notice. Filing No. 23-1, Index of Evid., Ex. A. The court finds the proposed form and method for notifying the class members of the settlement and its terms and conditions meets the requirements of Fed. R. Civ. P. 23(c)(2)(B) and

satisfies due process. The court finds that the individual mailed notices are the best notice practicable under the circumstances. Further, the proposed notice is clearly designed to advise the class members of their rights and to explain procedures for exclusions and objections.

The Settlement Agreement provides that "Class Members who wish to exclude themselves (opt out) of the Class and the proposed Settlement must mail a written request for exclusion to the class administrator postmarked no later than" a date set by the court. Filing No. 19-1, Settlement Agreement at 10. The court finds the opt out date should be 14 days before the date of the hearing. The Settlement Agreement also provides that notices of objection to the Settlement Agreement shall be filed and served no later than three weeks prior to the fairness hearing. *Id.* at 13. The Court approves the form and substance of the proposed notice of class action settlement described in the proposed settlement agreement and proposed claim form. See Filing Nos. 23-1 & 23-2, Index of Evid., Exs. A & B.

Because the putative class members' recovery is limited to the lesser of 1% of the net worth of the debt collector or $500,000.00 under 15 U.S.C. § 1692k(a)(2)(B)(ii), the putative class members run the risk of nonrecovery. Class counsel has shown that the plaintiff class is unlikely to recover more through litigation. In view of the attendant risks and burdens of continued litigation, the total class recovery of approximately $32,500.00 appears, on preliminary review, to provide a fair, reasonable and adequate result for class members and is within the range of reasonableness. The class members and other consumers also benefit from the change on the defendants' business practices. Further, pursuant to the Class Action Fairness Act, 28 U.S.C. §

1715(b), the defendants will be ordered to notify federal and state agencies as to the filing of a proposed class action settlement ("CAFA Notice"), and the Final Approval hearing shall not occur until the CAFA Notice has been provided as required.

The court finds the parties have shown that the proposed settlement is in the best interests of the plaintiff Class, based on the claims and defenses in this action, its procedural posture, the anticipated time and expense of protracted litigation, and the fact that damages are limited by statute. The proposed settlement between the plaintiff class and the defendants appears, upon preliminary review, to be within the range of reasonableness and accordingly shall be submitted to the class members for their consideration and for a hearing under Federal Rule of Civil Procedure 23(e), after which an order of final approval will issue.

IT IS HEREBY ORDERED:

1.      The plaintiff's unopposed motion for class certification and for preliminary approval of class action settlement (Filing No. 21) is granted.

2.      An order in conformity with this Memorandum and Order and in substantial conformity with the parties' proposed Order Preliminarily Approving Class Action Settlement (Filing No. 23-3, Index of Evid., Ex. C) will issue this date.

DATED this 1st day of February, 2016.

BY THE COURT:


s/ Joseph F. Bataillon
Senior United States District Judge