IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH M. REYNOLDS, on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT BUREAU SERVICES, INC., AND C. J. TIGHE,<br><br>Defendants. | 8:15CV168<br><br>**FINAL ORDER APPROVING CLASS SETTLEMENT** |

This matter is before the court on the parties' joint motion for final certification of the class and final approval of a proposed class settlement, Filing No. 31. This is a class action for violations of the Fair Debt Practices and Collection Act, 15 U.S.C. Sec. 1692 *et seq.* (hereinafter "FDCPA" or "Act") and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601, *et seq.*

I. FACTS

The following settlement class (hereinafter, collectively, "plaintiff class") has been preliminarily certified:

> All persons with addresses in Nebraska (a) to whom Defendant sent, or cause to be sent, a letter attached as Exhibit A to Plaintiff's Complaint (Filing No. 1) (b) in an attempt to collect an alleged debt (c) which, as shown by the nature of the alleged debt, Defendants' records or records of the original creditors, was primarily for personal family, or household purposes (d) during the one year period prior to the date of filing this action through the date of class certification.

Filing No. 26. This court preliminarily approved the proposed Settlement Agreement (Filing No. 19, Ex. 1) as fair, reasonable, and adequate, subject to a hearing for final approval pursuant to Fed. R. Civ. P. 23(c), and (e), and approved the parties' notice of

the settlement and fairness hearing thereon. *Id.* The Notice of the Proposed Settlement Class Action & Fairness Hearing was provided to members of the class by first class U.S. mail. Filing No. 32, Index of Evid., Ex. 1, Declaration of Steve Platt ("Platt Decl.") at 1, Exs. 1A & 1B. Defendants' counsel sent the required CAFA Notice and filed proof thereof. Filing No. 27, Certificate of Service; Filing No. 27-1, Affidavit of Service.

The number of class members submitting claims is 863, including fifteen additional claims received by the class administrator after providing his original declaration. Filing No. 32, Index of Evid., Ex. 1, Platt Decl. at 2; Filing No. 33, Supplemental Declaration of Steven Platt at 1. One class member, Christine Prokupek, has opted to be excluded from the class. *Id.,* Ex. 1B. The objection deadline has passed and no objections were filed or presented to counsel or to the class administrator. Filing No. 31, Joint Motion at 2. The court finds the class should be certified for settlement purposes.

A fairness hearing was held on May 13, 2016. Attorneys Pamela A. Car and William L. Reinbrecht appeared as lead counsel for the lead plaintiff. Attorney O. Randolph Bragg also represented the plaintiff and the class in this matter. No objections to the proposed partial settlement or notices of intent to appear were filed, and no one appeared at the hearing to object. The court takes judicial notice of the Settlement Agreement. Filing No. 19-1, Ex. A, Settlement Agreement.

The Settlement Agreement will settle the claims of Mr. Reynolds and the class against the Defendants in this action. *Id.* at 6. The Agreement provides that the defendants shall pay to the class a total Settlement Fund of $32,500.00 as total and

statutory damages, under 15 U.S.C. § 1692k and the NCPA, and, in addition thereto, will pay $4,000 to lead plaintiff Kenneth M. Reynolds for his statutory damages pursuant to the FDCPA and the NCPA as well as for his services as class representative. *Id.* at 9. Further, the Defendants agree to change the form collection letter that is the subject of this litigation. *Id.* at 9-10. The settlement fund will provide for payment to class members of a *pro rata* share of the settlement fund. *See id.* at 9. In addition to the settlement fund and payment to lead plaintiff Reynolds, the defendants also agree to pay for class notice and to pay costs, litigation expenses and reasonable attorney fees in an amount determined by the court. *Id.* at 10. An unopposed motion for attorney fees and for approval of incentive award has been filed and will be addressed in a separate order. *See* Filing No. 28, Unopposed Motion for Attorney Fees & Costs and Approval of Incentive Award.

    II.    LAW

In approving a class settlement, the district court must consider whether it is fair, reasonable, and adequate. *DeBoer v. Mellon Mortgage Co.*, 64 F. 3d 1171, 1178 (8th Cir. 1995). A district court is required to consider four factors in determining whether a settlement is fair, reasonable and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005). The most important consideration in deciding whether a settlement is fair, reasonable, and adequate "is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'" *Id.* at 933 (quoting *Petrovic v.*

*Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999) (internal quotations omitted)). A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *Id.* at 934. The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's-length negotiations, and whether a skilled mediator was involved. See *Deboer*, 64 F.3d at 1178. A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits, and whether class members were provided with adequate notice and an opportunity to argue their objections to district court. *Id.* at 1176.

III. DISCUSSION

The court finds that the requirements of due process have been met as to the method and content of the notice to the class members. The court has reviewed the notices and proofs of service and finds them satisfactory.

The court further finds that the Settlement Agreement is fair, reasonable and adequate to compensate class members. Based on the court's familiarity with the case, the court concludes that the proposed settlement is within the range of potential outcomes in this case. There are grounds for differences of opinion on issues of liability and the strength of the plaintiff class's case is tempered by the defendants' vigorous defense of its position, the limits on statutory damages, and the defendants' financial condition. The monetary benefits to the plaintiff class are constrained by the statute's limitation of a statutory award to 1% of a defendant's net worth.

The Settlement Agreement resolves all issues of liability and damages. The parties negotiated the settlement at arm's length. Importantly, in addition to providing

some monetary compensation to class members, the negotiated settlement provides for payment of statutory damages and an incentive award to the representative plaintiff, administration costs, attorney fees, and expenses, without diminishing the class members' recovery. Further, defendants agree to provide prospective relief in the form of changes in future form collection letters. Under the circumstances, the court finds the settlement is fair, reasonable, adequate and in the best interests of the class. Also, there have been no objections to the settlement. The court finds that the proposed Settlement Agreement should be approved. Accordingly,

IT IS ORDERED:

1. The parties' joint motion for final certification of the class and final approval of a proposed class settlement (Filing No. 31) is granted.

2. This action is certified as a class action under Fed. R. Civ. P. 23(b)(3) composed of:

> All persons with addresses in Nebraska (a) to whom Defendant sent, or caused to be sent, a letter attached as Exhibit 1 to Plaintiff's Complaint (Filing No. 1) (b) in an attempt to collect an alleged debt (c) which, as shown by the nature of the alleged debt, Defendants' records or records of the original creditors, was primarily for personal, family, or household purposes (d) during the one year period prior to the date of filing this action through the date of class certification.

3. The Settlement Agreement (Filing No. 19-1, Ex. A) is approved and incorporated herein by this reference.

4. The parties shall consummate the Settlement Agreement in accordance with its terms.

5

5. The settlement administrator, American Legal Claim Servicing, LLC, P.O. Box 23680, Jacksonville, FL 32241-3680, shall distribute the funds from the settlement fund to the class members and lead plaintiff as set forth in the Settlement Agreement and shall account to the Class Counsel and to the court for such payments.

6. Any undistributed funds represented by any uncashed checks will be distributed as a *cy pres* distribution to the Creighton Legal Clinic for use in consumer representation and/or consumer education.

7. The following class member has opted out of the settlement and is not bound by this Final Judgment and Order Approving class settlement:

    Christine Prokupek

8. The court retains jurisdiction of this mater in order to resolve any disputes that may arise in the implementation of the Settlement Agreement or this order.

DATED this 16th day of May, 2016.

    BY THE COURT:

    s/ Joseph F. Bataillon
    Senior United States District Judge