IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH M. REYNOLDS, on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT BUREAU SERVICES, INC., AND C. J. TIGHE,<br><br>Defendants. | 8:15CV168<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the plaintiff's unopposed motion for attorney fees and costs and approval of incentive award, Filing No. 28. This is a class action for violations of the Fair Debt Practices and Collection Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA" or "Act"), and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq*.

I. FACTS

The parties have entered into a Settlement Agreement that resolves this litigation. *See* Filing No. 19-1, Index of Evid., Ex. A, Settlement Agreement. In the agreement, the defendants agreed to pay costs, litigation expenses and reasonable attorney's fees in an amount to be approved or determined by the court. *Id.* at 10. The defendants later agreed to payment of the plaintiff's costs and attorney fees of up to $21,500.00. *See* Filing No. 30-3, Ex. 2, Declaration of Pamela A. Car ("Car Decl.") at 3; Filing No. 24-1, Amended Notice at 2. Notice of this agreement was filed with the court, approved, and provided to the class. *Id.*; *see* Filing No. 25, Order of Preliminary Approval. The plaintiff requests an award of fees in the amount of $21,071.79 and

costs in the amount of $428.21, for a total award of $21,500. Defendants do not oppose the motion.

The settlement agreement provides that the plaintiff class is the prevailing party in this litigation. Filing No. 19-1, Ex. 1, Settlement Agreement at 11-12. In the agreement, the defendants have agreed to pay statutory damages of $ 32,500.00 to the Class and $4,000.00 to lead plaintiff Reynolds as statutory damages and services as class representative. *Id.* at 10-11. Further, the defendants agreed to change the collection letters that are the subject of the action and to pay the costs of class administration and of class notice. *Id.* at 11. The settlement agreement also provides that the defendants will pay the attorney fees and costs awarded in this case from a separate fund and will pay the costs of administration and dissemination of notice. *Id.*; *see* 24-1, Amended Notice at 2.

The court held a fairness hearing on the parties' joint motion for final approval of class settlement on May 13, 2016. No one appeared at the hearing to object to the class settlement. No objections to the settlement were filed. *See* Filing No. 32, Index of Evid., Ex. 1, Declaration of Steve Platt at 1.

The court is familiar with the litigation. On February 1, 2016, the Court entered an Order Preliminarily Certifying Class and Granting Preliminary Approval of Settlement. Filing No. 26. The record shows the parties engaged in extended negotiations regarding settlement and participated in a settlement conference with the magistrate judge. *See* Filing No. 13, text minute entry; Filing No. 14, audio file (sealed); and Filing No. 15, Order.

In support of its motion, plaintiff have shown that attorney O. Randolph Bragg expended 29.7 hours at the rate of $275.00 per hour through April 1, 2016, on behalf of the plaintiff ($11,137.50) and Mr. Bragg's paralegal Shannon Carter expended a total of 0.5 hours at the rate of $125.00 per hour ($62.50) on this litigation. [Filing No. 30-1](Filing No. 30-1), Index of Evid., Ex. 1, Declaration of O. Randolph Bragg ("Bragg Decl.") at 17; [Filing No. 30-2](Filing No. 30-2), Ex. 1A, Bragg Time Records. Lead counsel Pamela A. Car has shown she expended a total of 26.80 hours at the rate of $350.00 per hour ($9,380.00) on behalf of the plaintiff through January 31, 2016. [Filing No. 30-3](Filing No. 30-3), Ex. 2, Car Decl. at 3; [Filing No. 30-4](Filing No. 30-4), Exhibit 2A - Car Time Records. Ms. Car only billed for 16.8 hours for a total of $5,880.00, as reflected in her time records. *Id.*, Ex. 2, Car Decl. at 3; Ex. 2A, time records. Plaintiff seeks fees for 15.75 hours of work at the rate of $325.00 per hour performed by attorney William L. Reinbrecht ($5,118.75) and $428.21 in reimbursable expenses. [Filing No. 30-5](Filing No. 30-5), Declaration of William L. Reinbrecht ("Reinbrecht Decl.") at 17; [Filing No. 30-6](Filing No. 30-6), Ex. 3A, Reinbrecht Time Records.

Attorneys Bragg, Car, and Reinbrecht have also shown they have extensive experience litigating consumer cases and have achieved similar awards in other cases. *See* [Filing No. 30-1](Filing No. 30-1), Ex. 1, Bragg Decl. at 5-17; [Filing No. 30-3](Filing No. 30-3), Car Decl. at 1-2; [Filing No. 30-5](Filing No. 30-5), Reinbrecht Decl. at 1-5. Further, counsel have shown that they reduced the hours billed where appropriate. *See, e.g.*, [Filing No. 30-3](Filing No. 30-3), Ex. 2, Car Decl. at 3. Also, counsel represent that the plaintiff's attorneys will not bill for attending the final hearing or for any additional work needed to complete the class-action administration. *See* [Filing No. 29](Filing No. 29), Brief at 17.

Lead plaintiff Kenneth Reynolds seeks approval of a payment of $4,000.00 for statutory damages and for his service as class representative. Filing No. 30-7, Index of Evid., Ex. 4, Declaration of Kenneth Reynolds at 2. He states that he has kept himself informed of the progress of the case, reviewed materials sent to him by counsel, discussed the case with counsel, taken time off work to confer with counsel and provide documents, and submitted declarations in the case.

II. LAW

A thorough judicial review of fee applications is required in all class action settlements. *In re Diet Drugs*, 582 F.3d 524, 537-38 (3d Cir. 2009); *Johnson v. Comerica Mortg. Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) (noting that the district court bears the responsibility of scrutinizing attorney fee requests). Courts utilize two main approaches to analyzing a request for attorney fees: (1) the "lodestar" methodology (multiplying the hours expended by an attorney's reasonable hourly rate of compensation to produce a fee amount that can be adjusted to reflect the individualized characteristics of a given action); and (2) the "percentage of the benefit" approach (permitting an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation). *Comerica Mortg.,* 83 F.3d at 244-45. It is within the court's discretion to decide which method to apply. *Id.*

Defendants who violate the FDCPA are liable for the plaintiff's attorney's fees and costs. *Marx v. General Revenue Corp.*, 133 S. Ct. 1166, 1176 (2013); 15 U.S.C. § 1692k(a)(3); *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997) (per curiam) ("[T]he award of attorney's fees to plaintiffs for a debt collector's

violation of 'any provision' of the FDCPA is mandatory."); *Hennessy v. Daniels Law Office*, 270 F.3d 551, 553 (8th Cir. 2001) (citing *Zagorski*). The Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011).

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Although there is no precise formula for determining a reasonable fee, the district court generally begins by calculating the lodestar—the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended. *Id.* at 433-37; *Marez v. Saint-Gobain Containers, Inc.*, 688 F.3d 958, 965 (8th Cir. 2012). "At that point, other factors 'may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.* (quoting *Hensley*, 461 U.S. at 434). The district court should consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[1] *See Marez*, 688 F.3d at 966 n.4. "[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434 n.9.

The market value in the relevant legal community of the legal services performed is used to determine a reasonable attorney fee. *Blum v. Stenson*, 465 U.S. 886, 895

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19

(1984) (stating "[i]n communities, the marketplace has set a value for the services of attorneys, and the hourly rate charged by an attorney for his or her services will normally reflect the training, background, experience and skill of the individual attorney."). Reimbursement for work performed by out-of-town lawyers charging out-of-town rates is generally permitted only when in-town counsel with expertise in a particular area cannot be located. *See, e.g., Avalon Cinema Corp. v. Thompson,* 689 F.2d 137, 140-41 (8th Cir. 1982).

Under the FDCPA, the court is authorized to award up to $1,000.00 in statutory damages per plaintiff for any violation of the FDCPA. 15 U.S.C. § 1692k(a)(2)(A); *see Savino v. Computer Credit, Inc.,* 164 F.3d 81, 86 (2d Cir. 1998) ("[a]ll that is required for an award of statutory damages is proof that the statute was violated . . . ."). The specific amount of statutory damages, not to exceed $1,000.00, falls within the court's discretion. *Id.* Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance with the Act; the debt collector's resources; the number of individuals adversely affected; and the extent to which the debt collector's non-compliance was intentional. *See* 15 U.S.C. § 1692k(b)(2).

Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the

litigation. *Id.* Likewise, under the NCPA, each class member is entitled to an amount of statutory damages up to $1,000.00, which does not consider the defendants' net worth. Neb. Rev. Stat. § 59-1609.

### III. DISCUSSION

The court finds that the plaintiff, as the prevailing party, is entitled to attorney fees. The court has considered the *Johnson* factors and finds that an award of $21,500.00, as agreed by the parties, is fair and reasonable. The plaintiff has achieved a significant degree of success in that he, on behalf of the class, has recovered the maximum amount of statutory damages under the FDCPA and NCPA. Significantly, on behalf of the class, the plaintiff has also achieved prospective relief in that the defendants have agreed to make changes in their form collection letters. Also, lead counsel successfully negotiated the amount of plaintiff's attorneys' fees and costs separate from, and in addition to, the plaintiff class's recovery. The plaintiff has demonstrated that counsels' services have benefitted the class.

The court has reviewed the declarations of counsel and time records submitted in connection with the motion. The plaintiff has shown that the negotiated amount represents a substantial reduction in the time actually spent on the case by plaintiff's counsel. The court finds counsel expended a modest amount of time, 72 hours, on the litigation, presumably due to counsels' combined experience in consumer protection litigation. The plaintiff seeks fees in an amount that is below the lodestar, which would be $22,626.96. The court finds the time and labor expended by lead counsel in this case is reasonable and necessary to prosecute a case of this nature.

The court is familiar with hourly rates in this community and with the skill and abilities of the attorneys involved in this litigation. The court finds, based on its familiarity with fees in this community, that the hourly rates charged by lead counsel are appropriate in view of the attorneys' extensive experience in consumer litigation and in consideration of the complexity of class-action consumer litigation. Mr. Bragg has discounted his customary rate to reflect fees in this community. These hourly rates and the fee award are in line with fee awards in other cases. Paralegal fees of $125.00 an hour are also reasonable in this community. The request for fees was disclosed in the notice of the settlement and no class members have objected to the settlement or to the motion for fees. Accordingly, plaintiff is entitled to a fee award of $21,071.79.

The court also finds that the representative plaintiff, Kenneth M. Reynolds should recover statutory damages in the amount of $2,000.00 under the FDCPA and NCPA, as well as an incentive award of $2,000.00, as provided in the Settlement Agreement. Defendants do not object to the award. The factors to consider in connection with an incentive award are readily satisfied. Representative plaintiff Reynolds brought a suit that resulted in reforms to the defendants' collections practices and a reasonable monetary award. In light of the benefit that Reynolds bestowed on the class, and the time he spent pursuing it, an award of $2,000.00 is appropriate.

Lead plaintiff also seeks reimbursement of $428.21 in costs and expenses for the filing fee and service of summons. These expenses are recoverable as costs. The defendants have no objection to the award. The court has reviewed the bill of costs and finds that the costs are fair and reasonable and were necessary to prosecute the claims

on behalf of the class. The court finds that the plaintiff's motion for an award of costs in the amount of $428.21 should be granted.

IT IS ORDERED:

1. The plaintiff class's motion for attorney fees and approval of incentive award (Filing No. 28) is granted.

2. The plaintiff class is awarded attorney fees in the amount of $21,071.79.

3. The plaintiff class may recover costs amount of $428.21.

4. Payment of statutory damages in the amount of $2,000.00 and an incentive ward of $2,000.00 to the representative plaintiff are approved.

5. A judgment in favor of the plaintiff and against defendants in the amount of $21,071.79 for attorney fees; $428.21 for costs; $2,000.00 for statutory damages; and $2,000.00 for service as class representative, will be entered this date.

Dated this 16th day of May 2016.

        BY THE COURT:

        s/ Joseph F. Bataillon
        Senior United States District Judge